UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-08-229 |
| | § | |
| THE STATE OF TEXAS, *et al*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR BOND, FOR A JURY TRIAL, AND FOR SANCTIONS, AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Petitioner filed this action pursuant to 28 U.S.C. § 2254 challenging his felony DWI conviction in Aransas County (D.E. 1). Respondent has been served and has requested additional time to file an answer to the petition (D.E. 18). Petitioner has filed motions for release on bond, for a jury trial, for leave to conduct discovery (D.E. 14) and for sanctions (D.E. 16, 17).

Petitioner seeks a jury trial in this habeas action. Petitioner is not entitled to a jury trial. *Cf. Sigler v. Parker*, 396 U.S. 482, 90 S.Ct. 667, 670 fn (1970) (Douglas, J., dissenting) ("The rule that there is no right to jury trial in habeas corpus cases has been codified in the federal statute, 28 U.S.C. § 2243: 'the court shall summarily hear and

determine the facts, and dispose of the matter as law and justice require.'"). The motion is denied.

Petitioner also seeks leave to conduct discovery. Discovery in habeas cases is limited. The respondent is required to file, with his answer, the available state court records. Rule 5, Rules Governing Section 2254 Cases. Leave of court is required to conduct discovery beyond that which is in the state court record. Rule 6, Rules Governing Section 2254 Cases. Because respondent has not yet filed the state court record, and the record is not presently available (D.E. 18), a decision cannot be made as to whether there is good cause to seek additional discovery. Petitioner's motion for leave to conduct discovery is premature, and is denied without prejudice.

Petitioner also requests temporary relief, which appears to be a request for release on bond or bail while his petition is being decided. His motion is treated as a motion for release on bond. There is no specific statutory authority to do so, but the district court has inherent power to release a state prisoner on bond pending a decision on his habeas corpus petition. *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975). This power is to be exercised very sparingly. *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Dotson v. Clark*, 900 F.2d 77, 80 (6th Cir. 1990). A showing of exceptional circumstances must be made. *Dotson*, 900 F.2d at 80. Petitioner has made no showing of exceptional circumstances. His request for bond is denied.

Petitioner requests that sanctions be imposed against respondent for failure to timely respond to his petition (D.E. 16, 17). The record demonstrates that petitioner's allegation is incorrect. Respondent timely moved for an extension of time on September

19, and again on October 20.  Respondent's failure to timely file an answer is due to the unavailability of the state court record, and not due to any fault of the Respondent.  The motions for sanctions are denied.

    ORDERED this 28th day of October, 2008.

                                             B. JANICE ELLINGTON
                                             UNITED STATES MAGISTRATE JUDGE